UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMMY B., <br><br>        Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZIE, <br>Acting Comm'r of Soc. Sec., <br><br>        Defendant. | Case No.  4:22-cv-40052-MRG <br><br> **ORDER RE: MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 13, 15 |

Plaintiff seeks payment of Social Security disability benefits that were suspended for several months during a Social Security Administration review of Plaintiff's work activity. Plaintiff's benefits were reinstated upon completion of the review, however, it was determined that Plaintiff had been overpaid benefits and the withheld benefits were never subsequently disbursed. Plaintiff appealed this determination and received a fully favorable decision from the Appeals Council, yet the withheld benefits were still not disbursed to Plaintiff. Plaintiff filed this lawsuit pro se, not for judicial review of a final decision denying her benefits claim, but instead for an award of the withheld disability benefits. Defendant moved to dismiss this complaint for failure to state a claim, arguing that the fully favorable Appeals Council decision provided the relief Plaintiff now seeks. Because the Appeals Council provided Plaintiff with a fully favorable decision on the merits of her claim, the Court **GRANTS** Plaintiff's motion for leave to amend her complaint, sua sponte **GRANTS** summary judgment to Plaintiff, **DENIES** Defendant's motion to dismiss as moot, and **REMANDS** with directions to remit the withheld benefits to the Plaintiff in the amount of $8110.00 plus accrued interest and costs of $300.00.

**BACKGROUND**

While the record does not reflect the nature or extent of Plaintiff's disability, Plaintiff is an individual who began receiving disability insurance benefits in 2014. (Compl. 2, ECF No. 1-1.) In May 2017, the Social Security Administration ("SSA") began a review to determine if Plaintiff's work activity made her ineligible to receive disability payments. (Id. at 41.) During this review, SSA suspended Plaintiff's then-ongoing disability payments because of the potential ineligibility, resulting in $8010.00 in withheld benefits. (Id. at.24.) SSA reinstated Plaintiff's disability payments a year later after determining she was in fact eligible to receive disability payments. (Id. at 13.) But SSA also issued a notice stating that she was overpaid disability benefits in the amount of $19,862.40 and would be required to pay back the overpayment. (Id.) The withheld benefits were not disbursed and instead applied to the overpayment amount. (Id. at 6.)

Plaintiff sought administrative relief for the overpayment liability, requesting reconsideration of the overpayment amount and waiver of the overpayment, which was denied. (Id. at 12.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") and agreed to a monthly payment of $25.00 toward the overpayment balance due. (Compl. 4, ECF No. 1.) This monthly payment was a requirement for scheduling the ALJ hearing and SSA ultimately collected $600.00 over 24 months. (Compl. 23, ECF No. 1-1; Am. Compl., 1, ECF No. 15.) Following a hearing, the ALJ issued a favorable decision finding that Plaintiff was overpaid benefits in the amount of $11,852.40 and waiving recovery of the overpayment. (Compl. 2-6, ECF No. 1-1.) This total overpayment did not include the $8010.00 of previously withheld benefits. (Id. at 13.) Plaintiff then asked the Appeals Council to review the ALJ's decision. (Id. at 11.)

In a decision dated March 30, 2022, the Appeals Council affirmed that Plaintiff was overpaid benefits but did not adopt the ALJ's amount of overpayment. (Id. at 11-15.) Instead, the

Appeals Council found the amount of overpayment to be $19,862.00[1] (Id. at 14.) And while the Appeals Council waived Plaintiff's liability for the overpayment, it did not specifically order that the withheld benefits be disbursed to Plaintiff and Plaintiff has thus far not received the withheld benefits. (Id. at 15; Am. Compl. 1-2, ECF No. 15.) Plaintiff then sought review in this Court alleging that only $500.00 of the total amount withheld has been disbursed and that she is entitled to payment of $8010.00 for withheld disability benefits, $100.00 in benefits erroneously repaid, accrued interest on withheld monies, and $300.00 in costs associated with filing her complaint. (Am. Compl. 1-2, ECF No. 15.) Defendant filed a motion to dismiss Plaintiff's complaint and conceded that Plaintiff received a fully favorable decision from the Appeals Council waiving the entire overpayment amount. (Def's Mem. Supp. Mot. Dismiss 1, ECF No. 14.) Neither party filed a motion for summary judgment.

## **LEGAL STANDARD**

An individual may bring an action in district court to obtain review of a final decision by the Commissioner of Social Security. 42 U.S.C. § 405(g). Under Section 405(g), a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." Remand for further proceedings is unnecessary where all essential evidence was before the Appeals Council and the evidence and law establishes without any doubt only one conclusion. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001).

In this District, a court may, "[a]fter giving notice and a reasonable time to respond, . . . consider summary judgment on its own after identifying for the parties material facts that may not

---

[1] "[B]ecause [Plaintiff's] benefits had been suspended from August 2017 through February [2018] and because she had an outstanding overpayment balance, when [SSA] reinstated her entitlement to benefits, it withheld the monies she was due for that period (($1,326 x 4 months = $5,304) + ($1,353 x 2 months = $2,706) = $8,010), thus, resulting in the reduced overpayment balance of $11,852.40 ($19,862.40 - $8,010 = $11,852.40)." (Compl. 13, ECF No. 1-1.)

be genuinely in dispute" and to enter summary judgment sua sponte. Fed. R. Civ. P. 56(f)(3); Berkovitz v. HBO, Inc., 89 F.3d 24, 29 (1st Cir. 1996); Stella v. Tewksbury, 4 F.3d 53, 55 (1st Cir. 1993). Properly deployed, sua sponte summary judgment can be a "useful shortcut leading to final adjudication . . . in a relatively small class of cases." Stella, 4 F.3d at 55.

## **DISCUSSION**

Summary judgment is appropriate when material facts are not in dispute and the undisputed facts entitle a party to judgment as a matter of law. Fed. R. Civ. P. 56(a). While a party ordinarily files a motion for summary judgment in order to obtain such relief, a district court may grant summary judgment sua sponte to a nonmoving party provided two criteria are met. First, the case must be sufficiently advanced so that the parties have enjoyed a reasonable opportunity to glean the material facts. Stella, 4 F.3d at 55. Second, the targeted party has appropriate notice and a chance to present its evidence on the essential elements of the claim or defense. Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1561 (1st Cir. 1989). "[B]eing 'on notice' does not mean . . . [receiving] a formal document called 'notice' or . . . the district court . . . [saying] . . . 'you are on notice' or even . . . explicitly [stating], 'I am thinking of ordering summary judgment . . . sua sponte.'" Nat'l Expositions, Inc. v. Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir. 1987). Rather, "'[n]otice' in this context means that the losing party . . . received a fair opportunity to put its best foot forward." Jardines Bacata, 878 F.2d at 1561.

The Court finds both criteria met in this case. The question of whether Plaintiff was overpaid disability benefits, the total overpayment amount, and whether recovery of the overpayment was waived, have been the focus during the entire pendency of the administrative claims and litigation. And given the relatively straightforward nature of the claim, the Court finds that both sides have had "an adequate opportunity to dodge the bullet," Berkovitz, 89 F.3d at 29, and the Court may appropriately grant summary judgment to either party pursuant to Fed. R. Civ. P. 56(f)(1).

Plaintiff contends that SSA has failed to effectuate a decision of the Appeals Council that determined her total disability benefits overpayment amount to be $19,862.40 and that recovery of this overpayment was waived in its entirety. (Compl. 11, ECF No. 1-1.) The Court finds it undisputed that an Administrative Law Judge ("ALJ") and the Appeals Council both agreed that while Plaintiff was overpaid disability benefits, she was overpaid through no fault of her own, and thus recovery of the overpaid benefits was waived. The only dispute between the ALJ and the Appeals Council was in determining the total amount of overpayment and how much would subsequently be waived for recovery.

Defendant's motion to dismiss argues that Plaintiff has received the relief she seeks and is entitled to no further relief. (Def's Mem. Supp. Mot. Dismiss 2, ECF No. 14.) The Court is not persuaded by this argument. Defendant cites to an Appeals Council decision that Plaintiff was entitled to a waiver of the entire overpayment amount but completely fails to address Plaintiff's central claim—that disability benefits were improperly withheld and never disbursed to Plaintiff.

The ALJ, after conducting a hearing, determined that the overpayment amount was $11,582.40 and that recovery of this overpayment amount was waived. (Compl. 11, ECF No. 1-1.) This amount represents the total amount of benefits Plaintiff actually received and does not include the benefits withheld while Plaintiff's eligibility for benefits was under review, nor the amount she was required to repay in order to pursue her administrative claims. (Id.) Plaintiff appealed the ALJ's decision and the Appeals Council made the same determination—with one significant difference. The Appeals Council increased the overpayment amount to $19.862.40, which represented an inclusion of the previously withheld disability benefits. (Id.) The Appeals Council then forwarded the claim to "the component of the Social Security Administration responsible for administration of the overpayment to effectuate this decision." (Id. at 15.) Although the Appeals Council did not specifically order the withheld benefits to be disbursed to Plaintiff, its inclusion of the previously withheld benefits in the total overpayment amount and its

5

command for the SSA to "effectuate this decision" would make little sense if the intention was to not disburse the withheld benefits to Plaintiff. Accordingly, the Court finds that the Appeals Council intended for the previously withheld benefits to be disbursed to the Plaintiff.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for leave to amend her complaint, sua sponte **GRANTS** summary judgment to Plaintiff, **DENIES** Defendant's motion to dismiss as moot, and **REMANDS** with directions to remit monies to the Plaintiff in the amount of $8010.00 for withheld disability benefits, $100.00 in benefits erroneously repaid, accrued interest on withheld monies, and $300.00 in costs associated with filing her complaint.

This Order disposes of Docket Nos. 13 and 15.

**SO ORDERED.**

Dated: October 27, 2023

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge